Scileppi, J.
TMs is an appeal from separate judgments affirming judgments convicting appellants Manuel Gonzalez and James Castellano of robbery in the first degree, grand larceny in the first degree, assault in the second and third degrees and imposing sentence after a jury trial.
*56 On March 18, 1966 a robbery was committed in the offices of the State Laundry in Nassau County. At the trial, one Marguerite D’Amora, the laundry receptionist, testified that on the day in question, she looked out the window and noticed a shiny blue car being parked in front of the office. Two men, whom she identified at the trial as the appellants Gonzalez and Castellano (the latter who was bearded at the time of the robbery), got out of the car. Gonzalez pointed a gun at her and said: ‘ ‘ This is a stick up. Come with me * * * You won’t get hurt ”. Simultaneously, Castellano said; “ Get up ” and they took her and another employee (Kitty Clarke) up to the cashier’s office on the next floor. On the way, Gonzalez remembered to put a mask on, but Castellano left his mask in his pocket. Prior to entering the cashier’s office, appellants forced a third employee (Mrs. Pisciotto) out of a telephone booth and all were corralled into the cashier’s office. Castellano kept a gun on the employees (including Kenneth Bloch, the office manager), while Gonzalez forced the cashier to open the safe. After cash and checks were removed, the two men fled.
The police were given a description of the men and their get away car. Patrolman Guzzo testified that he observed a light blue Chevrolet, operated by Castellano, not far from the laundry and that he had reported the license number (SK 8919) to police headquarters. Thereafter, other officers saw a blue Chevrolet (License SK 8918) driven by Gonzalez with the bearded Castellano in it, but the car sped away when the police told them to stop. After a short chase, Castellano was arrested and Gonzalez, who had run away, was taken into custody later in the day.[1]
Appellants argue that a reversal and new trial is mandated because the People employed certain pretrial identification procedures which they contend were violative of their rights in that they tainted the in-court identification of the appellants. We disagree. The record reveals that four witnesses were called by the People to place the appellants at the scene of the crime.[2] *57 Of these, Kenneth Bloch and Ernestine Pisciotto, on the night of the arrest, were brought to police headquarters where both appellants were exhibited to them in a “ showup ”, On that night and at the trial, they identified Castellano, but were unable to identify Gonzalez since they had never seen him unmasked. Since this “ showup ” was conducted prior to the decisions of the Supreme Court in United States v. Wade (388 U. S. 218), Gilbert v. California (388 U. S. 263) and Stovall v. Denno (388 U. S. 293), the question before us narrows down to whether “ the confrontation conducted in this case [i.e., the show up] was so unnecessarily suggestive and conducive to irreparable mistaken identification that [appellants were] denied due process of law” (Stovall, supra, at pp. 301-302) (see, also, People v. Rivera, 22 N Y 2d 453; People v. Ballott, 20 N Y 2d 600; People v. Brown, 20 N Y 2d 238). As to Gonzalez, no question is presented since neither witness was able to identify him. Turning to Castellano, we are not prepared to say, after considering “ the totality of the circumstances surrounding ” the confrontation (Stovall, supra, at p. 302), that he was denied due process of law. The witnesses had ample opportunity to identify Castellano during the commission of the robbery, thus rendering the improprieties of the identification procedures employed harmless error (People v. Brown, supra). Moreover, even if we were to say that the identification, made by these witnesses, was violative of Castellano’s due process rights, any error would be rendered harmless by the more than ample identification made by Mrs. D’Amora and Patrolman Guzzo who were not present at the “ showup ”.
Appellants also argue that they were denied due process under Stovall v. Denno (388 U. S. 293, supra) and Simmons v. United States (390 U. S. 377) because Bloch, Pisciotto and D’Amora were shown photographs of appellants on the day before trial, 16 months after the commission of the crime and the arrest.
Although Stovall and Simmons dealt with identifications made at the investigative stage of a criminal proceeding, the thrust of those decisions was directed at the possibility of ‘‘irreparable mistaken identification ” (Stovall, supra, at p. 302). Granted that this possibility may exist in some cases, in the instant case our examination of the record leads us to the conclusion *58 that a reversal is not warranted herein. The fact that a prior photo identification was made was never introduced by the People but rather was only brought out on cross-examination by defense counsel after witnesses had made their in-court identifications. Since these witnesses had a sufficient opportunity to observe the appellants at the time the crime was committed, the possibility of mistaken identification was minimal (Brown, supra). Moreover, there was never a request for a voir dire in the absence of the jury; therefore, the photo identification was only relevant for the purpose of the jury’s consideration of the witnesses’ credibility.
The identification of Castellano made by Mr. Bloch, the office manager, is, of course, a different matter. He was the only witness who, after making an in-court identification, testified that he would have been unable to identify Castellano if he had not been shown the photograph the day before trial. Consequently, the admission of his in-court identification was error. However, in view of the identification of him by three other witnesses, we hold that its admission was harmless.
Nor is there any merit to appellant Castellano’s additional argument that under Wade and Gilbert (supra) his right to counsel was violated because his attorney was not present when the witnesses were shown photographs of him. The District Attorney has a right to prepare his witnesses prior to trial and neither the Federal nor State Constitutions requires him to do so in the presence of defense counsel.
We have considered.all of appellants’ other arguments and find them to be without merit.
Accordingly, the judgments appealed from should be affirmed.

. Upon their arrest, both appellants confessed and the mask was recovered, but neither the confessions nor the mask were introduced into evidence.

. It also appears that three other witnesses were called and testified as to the commission of the crime. Since they were not able to make an in-court identification of either appellant, the fact that they may have participated in pretrial identification procedures is of little moment.