**UNITED STATES of America**

v.

**Tyrone A. HORTON, Appellant.**

**No. 23641.**

United States Court of Appeals, District of Columbia Circuit.

March 12, 1971.

Mr. Raymond W. Russell, Washington, D. C. (appointed by this court) was on the brief for appellant.

Mr. Michael J. Madigan, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, submitted on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM:

■■ This appeal from a jury conviction of robbery, 22 D.C.Code § 2901, raises first the question whether the trial judge correctly refused to suppress as evidence the victim's wallet, which was found by the police in the police car in which appellant was being transported upon his apprehension shortly after the crime. Appellant's claim of error is founded upon his argument that he was arrested without probable cause. We think the evidence of record is to the contrary, at least in the circumstances of this case where a description of the robber was received by the arresting officer on his radio, the officer being less than three blocks away from the scene of the crime and only a few minutes having elapsed.

■ Also the subject of pretrial inquiry was a motion to suppress any identification by the victim. After an evidentiary hearing, the trial judge ruled that post-arrest confrontations between the victim and appellant at the police station and in the courtroom prior to preliminary hearing were invalid.[1] In accordance, however, with our suggestion in Clemons v. United States, 133 U.S.App.D.C. 27, 34, 408 F.2d 1230, 1237 (1968) (en banc), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969), the court addressed itelf to the question of whether a source for an in-court identification existed independently of the pretrial confrontations, and found that it did. We are not under the necessity of appraising exactly the trial judge's finding of independent source in the light of the evidence of record, for the reason that in this particular case the victim's wallet was found in the police car appellant had just vacated; and a finding of error in such appraisal would not, accordingly, require reversal of the conviction. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284 (1969).

■ Finally, appellant claims error in the trial judge's refusal to bar the use of appellant's prior convictions for impeachment purposes. Here, too, we find that any error on this score was clearly harmless, given the evidence against appellant. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

Affirmed.

1. Long v. United States, 137 U.S.App.D.C. 311, 424 F.2d 799 (1969); Mason v. United States, 134 U.S.App.D.C. 280, 414 F.2d 1176 (1969); United States v. York, 138 U.S.App.D.C. 197, 426 F.2d 1191 (1969). Confrontations of this character have since been restricted by regulations of the Metropolitan Police Department of the District of Columbia. See Memorandum Order No. 16, Series 1970, issued May 15, 1970.