Richard C. Delin, J.
The defendant, Zeferino Leite, who by" each of two indictments stands accused of the crime of robbery in the first degree, moves this court for an order suppressing *297 potential testimony at trial identifying him as the perpetrator of the crimes charged.
The People, pursuant to an order of this court, disclosed the following relevant information:
(1) Each witness on the issue of identification never saw the defendant prior to the alleged criminal act, and subsequently viewed him only through photographs.
(2) Witness James Brady’s first identification of the defendant occurred in the prosecutor’s office, after an Assistant District Attorney showed him a single photograph of the defendant.
(3) Witness Joseph Gfreenhall was unable to select the defendant’s picture from 11 photographs displayed by a detective. At a later time, while testifying at a Grand Jury proceeding which resulted in one of these indictments, this witness was handed a photograph of the defendant. After the prosecutor asked him if he could identify the person depicted therein, Greenhall, somewhat predictably, told the Grand Jury, “ That’s the man who robbed me.”
The People argue that a motion to suppress potential in-court identification testimony may not be entertained where the pretrial identification occurs during a Grand Jury proceeding or is conducted by an Assistant District Attorney.
I.
A photographic or corporeal lineup or showup conducted by an Assistant District Attorney is not immune to scrutiny for a constitutional violation. (People v. Gonzalez, 27 N Y 2d 53; United States v. Ash, 413 U. S. 300; Simmons v. United States, 390 U. S. 377; Neil v. Biggers, 409 U. S. 188; United States v. York, 426 F. 2d 1191; United States v. Roth, 430 F. 2d 1137; United States v. Hines, 455 F. 2d 1317; United States v. Hurt, 476 F. 2d 1164; Stovall v. Denno, 388 U. S. 293.)
II.
In People v. Gonzalez (27 N Y 2d 53, supra) the court reviewed a case where the witness was shown the defendant’s photograph while she was testifying before the Grand Jury. The court declined to remit the action for the purpose of conducting an identification hearing because the trial record disclosed an independent source for the in-court identification and the defense had not availed itself of the proper procedures (People v. Gonzalez, supra, p. 58). In United States ex rel. Gonzalez v. Zelker (477 F. 2d 797, 801) the court, addressing itself to the *298 same facts, stated, “We conclude therefore that although the showing of a single photograph * * # is impermissibly suggestive * * * the ultimate issue is whether under the totality of the circumstances [the witness] * * * wa§ identifying Gonzalez on trial as the man whose photograph she had been shown * * * or whether she had such a definite image of him in her mind before the unneccessarily suggestive showing, that she was relying on it rather than the photograph. ’ ’
There is no language in either case which would put Grand Jury proceedings outside the scope of Simmons.
Mr. Justice Harlan, the author of the Simmons opinion, constantly refers therein to the dangers of initial identification by photograph, and to his fear that such procedures might lead to irreparable mistaken identification (Simmons v. United States, 390 U. S. 377, 383-385, supra). The thrust of Simmons, like that of Stovall, is directed at the effect of unnecessarily suggestive pretrial procedures conducted by law enforcement personnel on the memories of witnesses-. Although the issue has not been definitively decided, this thrust would appear to be equally applicable to initial identifications which occur during a Grand Jury proceeding.
The rule of Simmons is founded on the due process clause of the Fourteenth Amendment. Due process, unlike the defense attorney, cannot be excluded from the Grand Jury room. The veil of secrecy, privilege, or exemption may not be invoked successfully in order to avoid a legitimate constitutional inquiry.
Accordingly, it is ordered that a hearing be held prior to trial to determine the admissibility of in-court identification testimony of the witnesses mentioned above (CPL § 710.40, subd. 3).