Carlton J. BROWN, Appellant,

v.

UNITED STATES, Appellee.

No. 7587.

District of Columbia Court of Appeals.

Argued Jan. 30, 1974.

Decided Oct. 29, 1974.

---

4. Andrews v. Haller Wall Paper Co., 32 App. D.C. 392, 398 (1909).

5. *Id.*

6. *Id.*

Sol Rosen, Washington, D. C., appointed by this court, for appellant.

Joel DuBoff, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, John A. Terry and John F. Finnegan, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and HARRIS, Associate Judges.

REILLY, Chief Judge:

This is an appeal from a conviction of burglary in the second degree in violation of D.C.Code 1973, § 22–1801(b), on an indictment charging appellant *inter alia,* with breaking into a catering establishment located on the ground floor of an apartment building on 16th Street. The owner of the establishment testified that after locking up shortly before midnight on October 24, 1973, he was notified early the next morning by a burglar alarm system of a forced entry, returned to his place, and found that a number of checks which had not been cashed were missing, along with specified items of food and liquor.

■ As appellant denied any part in the burglary—and was acquitted of a grand larceny count—the conviction turned upon identification testimony. On appeal, the only issue before us is whether the court below erred in refusing to suppress the testimony of an eyewitness who made an in-court identification.

This particular witness, a Mrs. Pearl Laws, was the wife of the maintenance engineer of the building. The couple occupied an apartment at the end of the hallway to which the catering shop had access. From this apartment, according to her testimony, she noticed at 6 o'clock one morning, a man in the hallway close to a door opening into the caterer's. He stood there for approximately 15 minutes and then made his way into the shop. A burglar alarm sounded. Almost immediately the man, carrying two paper bags, emerged into the hallway and left the premises. The witness testified that she had observed these events through a viewing aperture equipped with a magnifying device in her own door, that the hallway was well lighted, and that she had passed the same man there three different times earlier that month.

Some 12 hours later a police officer visited the Laws apartment and showed the couple 13 photographs. The wife selected

one as that of the man she had seen—a photograph of appellant. Her husband, however, was unable to say that he recognized any of the individuals depicted in the display of photographs, although he professed to have encountered in the hallway shortly before the break-in, a stranger he had previously observed loitering outside the street entrance to the shop.

Soon thereafter, appellant was arrested and charged with burglary and grand larceny. At a subsequent police lineup the proprietor of the catering service identified appellant as a person he had seen loitering in the vicinity on prior occasions but the husband could not positively identify any single person in the lineup as the man he had passed in the hall. The wife did not attend the lineup.

On the morning of the day the case was scheduled for trial, Mrs. Laws was seated in the courtroom when appellant was brought in. Before the witnesses were sequestered, she remained in the courtroom during an extended bench conference with respect to appellant's representation.

At the suppression hearing which followed immediately, the trial court ruled that the building engineer would not be permitted to make an in-court identification, but that questions to Mrs. Laws and the caterer [1] intended to ascertain whether they could do so would not be excluded at trial. In the presence of the jury, Mrs. Laws pointed out appellant as the man she had seen in the hallway on the morning of the burglary and also identified the photograph which she had previously picked out from the police display.

It is appellant's contention that Mrs. Laws' view of appellant while sitting in court prior to trial so irreparably tainted her in-court identification that it should have been suppressed. For this proposition, appellant cites three recent holdings of the United States Court of Appeals for this circuit, United States v. Greene, 139 U.S.App.D.C. 9, 429 F.2d 193 (1970); United States v. York, 138 U.S.App.D.C. 197, 426 F.2d 1191 (1969); Mason v. United States, 134 U.S.App.D.C. 280, 414 F.2d 1176 (1969).

In our opinion, none of these decisions is relevant. In *Greene*, the prosecutor summoned a person suspected of a robbery to come to his office without notifying him that the victim of that crime would be present. The latter then told a policeman who was in the room that the summonee was the robber. The court deemed it error to receive the testimony of this witness on the ground that the pretrial identification was fatally flawed by failure to afford Sixth Amendment protection of the right to counsel.[2]

In the other two cases the police had asked the potential witnesses to make pretrial identifications as the suspects, already in custody, were brought into the courtroom.

Whatever weight might be given these holdings under circumstances revealing intentional suggestive efforts by the prosecution to obtain an initial identification, we are not inclined to view them as supporting the notion that calling a case to trial before the witnesses have been sent out of the courtroom will raise the spectre of inadmissibility of trial identification testimony. *See* In re W. K., D.C.App., 323 A.2d 442 (1974). Courtroom identifications thereafter, even if unaided by official pretrial identifications, are open to attack on their worth but not on their admissibility.

1. Appellant raises no issue with respect to the admission of the caterer's testimony, as appellant conceded on the stand that he had been a frequent visitor to the apartment building.

2. The majority opinion in reaching this result cited Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Appellant here also relies on this Supreme Court trilogy, although the facts in those cases were quite different.

Nor does the failure of Mrs. Laws to attend the lineup render her identification on the witness stand inadmissible. This follows *a fortiori* from our recent holding in In re W. K., *supra*, that an in-court identification stands on its own even if no pretrial identifications were made. Accordingly, we find no error in admitting her identification testimony.

Affirmed.