■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MARRERO, Appellant.—Judgment, Supreme Court, Bronx County, rendered January 7, 1975, after a trial before Tonetti, J., and a jury, convicting the defendant of the crime of robbery in the first degree, affirmed. Valentin Silverio testified at trial that he was returning home on January 10, 1974 with a package of groceries. He had placed his key in the lock of the entrance to his apartment when the defendant, Angel Marrero, and another approached him. The hallway had three functioning light fixtures, one of which was near Silverio's apartment entrance. Silverio turned around with his back to the door and stared at them. Marrero, while brandishing an open razor, stuck his hand in Silverio's pocket and withdrew some money from it. Defendant and his accomplice then ran away, together with another person who was standing outside. Silverio accurately described the defendant's physiognomy which was most notable for its large "Fu Manchu" moustache and the sporting of a single earring. He also depicted the style of clothing which the defendant was wearing. He further described one of the accomplices to the crime. Silverio reported the crime to the police. The police located the defendant and his accomplices later that day, and they were apprehended after their aborted attempt at fleeing. We find, as does our dissenting brother, that the identification procedure utilized in the station house was improperly suggestive. However, we also find that the witness Silverio had a sufficient independent, untainted recollection of the defendant to support the identification of the defendant in court *(People v Gonzalez,* 27 NY2d 53, 57; cf. *People v Ballott,* 20 NY2d 600, 606). The lighting in the hallway area adequately illuminated the scene of the crime. The defendant and one accomplice were face to face with the victim. The description of the defendant given to the police prior to defendant's apprehension was accurate. In addition, Silverio had seen the defendant in the neighborhood previously. We have accordingly affirmed the judgment of conviction. Concur—Stevens, P. J., Markewich, Capozzoli and Lane, JJ.; Murphy, J., dissents in the following memorandum: Since the instant conviction rests solely on inadmissible identification testimony, I dissent and

vote to reverse the judgment on appeal. Complainant, who had a limited command of the English language, testified at a *Wade* hearing *(United States v Wade,* 388 US 218) that he was returning home from work at about 6:00 P.M. on January 10, 1974, when he noticed two men standing behind him in the hallway of his apartment building. He turned and saw defendant brandishing a razor, a second man standing about 15 feet behind the defendant and a third man at the front door about 60 feet away. Without a word, defendant then assertedly placed his hand into complainant's pocket and removed approximately $40 therefrom. The three men then sped away. Although the confrontation is alleged to have lasted from 5 to 7 minutes, it is more likely that the robbery was completed in a matter of seconds. The complainant and a young neighbor who heard his shouts chased the perpetrators, but they escaped. The complainant reported the occurrence to the police with the aid of his son, who acted as an interpreter. Defendant was described as dressed in blue jeans and a blue jacket, sporting a "Fu Manchu" type moustache and wearing an earring. Certain inconsistencies between the complainant's description and the police report are attributed by respondent to translation difficulties. In any event, later that evening the police arrested three suspects who roughly matched the description which had been broadcasted. Some five hours after the robbery, two policemen came to complainant's apartment and he was told by his girl friend that he was to go to the station house to identify "some people". The boy who helped chase the perpetrator accompanied him. It should be parenthetically noted that the boy never testified and could not have seen appellant's face since the complainant admitted that only the third perpetrator, and not appellant, looked about after the chase started. At the precinct complainant was told to "go upstairs and look" at some men in a room containing a window. The boy looked first and, in complainant's presence, identified the three suspects who were grouped together. The complainant did likewise. He also testified at the *Wade* hearing that he thought he saw defendant once before in the neighborhood about a month before the robbery. The *Wade* court denied defendant's motion to suppress, finding nothing improper in the showup and a sufficient independent source to support the complainant's in-court identification. I disagree. It is now fundamental that a pretrial identification which contains elements so suggestive as to give rise to a very substantial likelihood that the witness would identify the defendant whether or not he was the actual perpetrator of the crime results in a denial of due process. *(Simmons v United States,* 390 US 377; *Stovall v Denno,* 388 US 293.) The fairness concept adopted in this State disallows eyewitness identification testimony where it is the product of a procedure so tainted that a substantial likelihood exists that an irreparable mistaken identification will result and where the circumstances of the actual crime fail to provide a sufficient independent source for the in-court identification. *(People v Gonzalez,* 27 NY2d 53; *People v Rahming,* 26 NY2d 411; *People v Logan,* 25 NY2d 184; *People v Ballott,* 20 NY2d 600.) Initially, it must be recalled that "The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned" *(Stovall v Denno, supra,* p 302); and in the absence of "exempted exigencies", including "viewings on the scene and immediately after the commission of the crime", should be avoided. *(People v Blake,* 35 NY2d 331, 336–337.) In the instant case, the showup occurred five hours after the robbery. The station house showup was clearly improper and not mandated by imperative circumstances. Accordingly, a lineup should have been held and its absence requires the granting of the suppression motion. Moreover,

unlike *People v Logan* (25 NY2d 184, *supra),* the identification procedure used herein was clearly suggestive and the evidence adduced to establish defendant's guilt far from overwhelming. The complainant had been told by the police, through his girl friend, that he was to go to the precinct house to identify "some people". The inference that the perpetrators had been apprehended was unmistakable. Additionally, the unknown boy first identified the suspects in the complainant's presence. Finally, the complainant was unable to positively identify the defendant at a Criminal Court hearing, although this is explained by his fear of reprisal. Given the suggestive sequence of events leading to the identification of defendant, the absence of a lineup and the complainant's limited opportunity to observe his assailant (his claim that the robbery took 5 to 7 minutes to accomplish is a clear exaggeration), the motion to suppress the in-court identification of defendant should have been granted. Accordingly, the judgment on appeal should be reversed, the suppression motion granted and the case remanded for further proceedings consistent herewith.