that the wife, because of her delaying tactics, is rapidly exhausting any claim that she may have for the favorable exercise of judicial discretion. We, therefore, deny her the costs of this appeal. (Appeal from order of Niagara Supreme Court—amend answer.) Present—Marsh, P. J., Cardamone, Simons, Hancock, Jr., and Denman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY ANN FREEMAN THOMAS, Appellant.—Case held, decision reserved and matter remitted to Monroe County Court, Mark, J., for further proceedings in accordance with the following memorandum: The defendants should have been afforded an identification hearing. Approximately one month after the crime occurred, the victim of the assault, a New York State Trooper, made his initial identification of the defendants when he was shown their photographs in connection with his appearance before the Grand Jury. Since "any improperly suggestive viewing at any time may constitute a violation of due process of law" (People v Blake, 35 NY2d 331, 340), the fact that the viewing of the photographs occurred at the Grand Jury does not preclude a determination that it may have been impermissibly suggestive particularly where, as here, it constituted the initial identification procedure (People v Leite, 78 Misc 2d 296). While in some circumstances the trial record may be examined to determine whether the evidence shows an independent basis for the in-court identifications aside from the photographs (see People v Carter, 30 NY2d 279), the present record reveals that the victim's trial identification of some of the defendants was qualified and uncertain. Additionally the in-court identifications were made, for the most part, by reference to the clothing worn at trial by the defendants without specifying the names of the defendants so designated. Obviously, such an approach impedes intelligible review. Although the trooper was able to describe the dress worn by the persons who assaulted him, the question whether he should have been permitted to identify any of those persons at trial is an entirely separate matter. Accordingly the case is remitted for a hearing to determine whether the victim's in-court identifications were the product of a pretrial identification procedure so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification (People v Harrington, 31 NY2d 785; People v Poerschke, 44 AD2d 844; see Matter of James H., 34 NY2d 814; cf. People v Williams, 46 AD2d 727). (Appeal from judgment of Monroe County Court—assault, second degree, etc.) Present— Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND FREEMAN, Appellant.—Case held, decision reserved and matter remitted to Monroe County Court, Mark, J., for further proceedings in accordance with the same memorandum as in People v Thomas (60 AD2d 993). (Appeal from judgment of Monroe County Court—assault, second degree, etc.) Present— Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELLY DAVIS, Appellant.—Case held, decision reserved and matter remitted to Monroe County Court, Mark, J., for further proceedings in accordance with the same memorandum as in People v Thomas (60 AD2d 993). (Appeal from judgment of Monroe County Court—assault, second degree, etc.) Present— Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FREEMAN, Appellant.—Case held, decision reserved and matter remitted to Monroe County Court, Mark, J., for further proceedings in accordance with the same memorandum as in People v Thomas (60 AD2d 993). (Appeal from