■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY ANN FREEMAN THOMAS, Appellant.—Judgment unanimously modified, on the law and facts, and, as modified, affirmed in accordance with the following memorandum: Each of the defendants was convicted upon a jury trial of the crimes of assault in the second degree (Penal Law, § 120.05, subd 3); assault in the third degree (Penal Law, § 120.00, subd 1) and felonious possession of a weapon (Penal Law, § 265.05, subd 2), arising from a confrontation which occurred on the New York State Thruway involving the defendants and a lone State trooper, whose injuries required hospitalization. Three other defendants were found not guilty. When this case was first presented on appeal, it was remitted for a hearing on the identification issue *(People v Thomas,* 60 AD2d 993). The hearing having been conducted, we now conclude that the initial identification of the defendants by the victim when he was shown their photographs during his appearance before the Grand Jury was not so improperly suggestive as to create a "substantial likelihood of * * * misidentification" *(Simmons v United States,* 390 US 377, 384; *People v Gonzalez,* 27 NY2d 53, cert den 400 US 996). Though not fully determinative of the issue, it is significant that the victim is a trained police officer and the photographic viewing by him at the Grand Jury does "not bear the burden of the caveats involved in one by a nonprofessional" *(People v Morales,* 37 NY2d 262, 271). It is also well established that certainty of identification is not a prerequisite to its admissibility. The weight and reliability of the trooper's testimony as to the participation in the criminal encounter by each of the defendants was for the jury to determine (see *People v Spinello,* 303 NY 193; *People v Trybus,* 219 NY 18; *People v Strollo,* 191 NY 42). There is no question that defendants were present during the crime; that the victim recalled their manner of dress and that upon their arrest almost immediately following the crime they were photographed in the same clothing. Furthermore, the trial court correctly determined that the in-court identification was adequately supported by the victim's observations during the commission of the crime and untainted by the subsequent photographic identification *(People v Ballott,* 20 NY2d 600, 606-607; cf. *Neil v Biggers,* 409 US 188, 199-201). The evidence amply supports the convictions of each of the defendants of assault in the second degree, and it also supports the conviction of John Freeman on the weapon possession charge. The evidence fails, however, to show either that the remaining defendants intended to engage in the weapon possession crime or that they aided John Freeman while acting with the requisite mental culpability required for the commission of that offense (Penal Law, § 20.00). Additionally, the third degree assault conviction of each of the defendants must be reversed since it is a lesser included offense of the crime of assault in the second degree. We have considered the remaining contentions of the defendants and find them to lack merit. (Appeal from judgment of Monroe County Court—assault, second degree, and other charges.) Present—Marsh, P. J., Moule, Dillon, Schnepp and Witmer, JJ.