that the petitioner violated article 30 of the Public Health Law by transporting the injured Brown to a hospital. (Art 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Marsh, P. J., Cardamone, Simons, Hancock, Jr., and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY ANN FREEMAN THOMAS, Appellant.—Judgment unanimously modified, on the law and facts, and, as modified, affirmed in accordance with the following memorandum: Each of the defendants was convicted upon a jury trial of the crimes of assault in the second degree (Penal Law, § 120.05, subd 3); assault in the third degree (Penal Law, § 120.00, subd 1) and felonious possession of a weapon (Penal Law, § 265.05, subd 2), arising from a confrontation which occurred on the New York State Thruway involving the defendants and a lone State trooper, whose injuries required hospitalization. Three other defendants were found not guilty. When this case was first presented on appeal, it was remitted for a hearing on the identification issue *(People v Thomas,* 60 AD2d 993). The hearing having been conducted, we now conclude that the initial identification of the defendants by the victim when he was shown their photographs during his appearance before the Grand Jury was not so improperly suggestive as to create a "substantial likelihood of * * * misidentification" *(Simmons v United States,* 390 US 377, 384; *People v Gonzalez,* 27 NY2d 53, cert den 400 US 996). Though not fully determinative of the issue, it is significant that the victim is a trained police officer and the photographic viewing by him at the Grand Jury does "not bear the burden of the caveats involved in one by a nonprofessional" *(People v Morales,* 37 NY2d 262, 271). It is also well established that certainty of identification is not a prerequisite to its admissibility. The weight and reliability of the trooper's testimony as to the participation in the criminal encounter by each of the defendants was for the jury to determine (see *People v Spinello,* 303 NY 193; *People v Trybus,* 219 NY 18; *People v Strollo,* 191 NY 42). There is no question that defendants were present during the crime; that the victim recalled their manner of dress and that upon their arrest almost immediately following the crime they were photographed in the same clothing. Furthermore, the trial court correctly determined that the in-court identification was adequately supported by the victim's observations during the commission of the crime and untainted by the subsequent photographic identification *(People v Ballott,* 20 NY2d 600, 606-607; cf. *Neil v Biggers,* 409 US 188, 199-201). The evidence amply supports the convictions of each of the defendants of assault in the second degree, and it also supports the conviction of John Freeman on the weapon possession charge. The evidence fails, however, to show either that the remaining defendants intended to engage in the weapon possession crime or that they aided John Freeman while acting with the requisite mental culpability required for the commission of that offense (Penal Law, § 20.00). Additionally, the third degree assault conviction of each of the defendants must be reversed since it is a lesser included offense of the crime of assault in the second degree. We have considered the remaining contentions of the defendants and find them to lack merit. (Appeal from judgment of Monroe County Court—assault, second degree, and other charges.) Present—Marsh, P. J., Moule, Dillon, Schnepp and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND FREEMAN, Appellant.—Judgment unanimously modified, on the law and facts, and, as modified, affirmed in accordance with the same memorandum as in *People v Thomas* (66 AD2d 1001). (Appeal from judgment of Monroe

County Court—assault, second degree, and other charges.) Present—Marsh, P. J., Moule, Dillon, Schnepp and Witmer, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FREEMAN, Appellant.—Judgment unanimously modified, on the law, and, as modified, affirmed in accordance with the same memorandum as in *People v Thomas* (66 AD2d 1001). (Appeal from judgment of Monroe County Court—assault, second degree, and other charges). Present—Marsh, P. J., Moule, Dillon, Schnepp and Witmer, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELLY DAVIS, Appellant.—Judgment unanimously modified, on the law and facts, and, as modified, affirmed in accordance with the same memorandum as in *People v Thomas* (66 AD2d 1001). (Appeal from judgment of Monroe County Court—assault, second degree, and other charges.) Present—Marsh, P. J., Moule, Dillon, Schnepp and Witmer, JJ.

 ALBERT WURZER, Appellant, v SENECA SPORT PARACHUTE CLUB et al., Respondents.—Order unanimously reversed, with costs, and motion granted. Memorandum: Plaintiff Albert Wurzer paid defendants Seneca Sport Parachute Club ("SSPC") and Howard F. Martin, Jr., a fee to enter upon defendants' parachute and recreation center to take parachuting instructions and otherwise to use the defendants' facilities and equipment. During the course of the day he allegedly broke a vertebra in his back. Alleging causes of action both contract and negligence, plaintiff Wurzer has sued both SSPC and Martin. Defendants in their amended answer admitted that they agreed to instruct the plaintiff properly with regard to his parachute jump. Additionally, the defendants specifically admitted paragraph "SECOND" of the complaint to wit: "SECOND: That upon information and belief, defendant, SENECA SPORT PARACHUTE CLUB is a domestic corporation engaged in the business of instructing parachutists in operating a parachute jumping and recreation center at Martin Road, Seneca Falls, Seneca County, New York." Defendants also pleaded a second affirmative defense that plaintiff Wurzer prior to the accident had executed a waiver and hold harmless agreement and had agreed not to commence any action for personal injuries. Plaintiff moved for summary judgment to strike this second affirmative defense on the ground that it contravened section 5-326 of the General Obligations Law. The court ruled that an issue of fact was presented as to whether defendants operated a place of amusement or recreation or similar establishment within the meaning of section 5-326 of the General Obligations Law and referred the matter to Trial Term. In an affidavit submitted in support of his motion, plaintiff alleged: "That on May 14, 1977, deponent entered upon premises know as the Seneca Sport Parachute Club at Martin Road, Seneca Falls, New York for recreational purposes and entered into an agreement with defendants whereby defendants agreed to properly instruct your deponent with regard to parachute jumping and provide equipment and facilities for a parachute jump. In consideration therefore and in consideration for the use of the defendants' recreational equipment and facilities, deponent paid $50.00 in cash and defendants accepted the same." Defendants submitted no affidavit to refute these statements from anyone with personal knowledge of the incidents surrounding plaintiff's alleged injury. The statute, section 5-326 of the General Obligations Law, relied upon by plaintiff provides: "§ 5-326. Agreements exempting pools, gymnasiums, places of public amusement or recreation and similar establishments from liability for negligence void and unenforceable. Every covenant, agreement or understanding in or in connec-