OPINION OF THE COURT
John J. Clabby, J.
Pending before this court is a motion to dismiss the indictment on the basis that the evidence before the Grand Jury was legally insufficient. After a Wade hearing {United States v Wade, 388 US 218), and the court rendering a decision thereon, the defendant has renewed his application to dismiss the indictment.
CPL 255.20 (subd 3) permits the defendant to apply to the court for the dismissal of the indictment. The People claim that this motion has been previously decided by the Honorable Nicholas Ferraro, and that the previous denial of the motion is the law of the case. This court is of the opinion that in light of the information garnered at the Wade hearing and the recent decision of People v Brewster (115 Misc 2d 26), this court will entertain the instant motion.
As set forth, the relevant facts are that the defendant was identified through a photographic identification. The sole witness who made the identification was Police Ser-
*305 geant Thomas Dunn. The case oí People v Brewster (supra), decided by the Honorable Cornelius O’Brien has held that the use of photographic identification testimony is incompetent evidence which impairs the integrity of the Grand Jury, the result of which mandates the dismissal of the indictment. Justice O’Brien’s decision is a well-reasoned and in-depth investigation of the status of the law concerning photographic identification testimony. However, he doesn’t deal with the applicability of CPL 710.20, a motion to suppress evidence. My understanding of the Brewster opinion is that photographic identification testimony is incompetent and inadmissible evidence before the Grand Jury. The implications of the Brewster decision state a hard-and-fast rule that identification by photograph is not permissible.
Everyone agrees, the defense attorney, the District Attorney, this court, and case law, that identification of an accused is one of the most troublesome areas in the criminal law. The difficulties and dangers of misidentification are greater when made by photographs. However, we recognize that police investigations may require the usage of photographs in making identification of suspects.
It has been well established that the People on their direct case at trial may not inquire of the witness concerning a previous identification made through photographs. It is also well established that the defense, if they wish, may inquire of the same witness concerning photographic identification. Further, it is understood that if the defense “opens the door” concerning methods of identification, the People, on redirect, may inquire of the witness concerning such photographic identification. (People v Whipset, 80 AD2d 986.) This court is of the opinion that since the defense may use this evidence, it is then considered competent and admissible. Competent evidence may be defined as “relevant evidence which is admissible in a particular action; that is, relevant evidence which is not subject to the operation of any exclusionary rule.” (Richardson, Evidence [10th ed], § 4, p 4.)
This court will now address the general question as to whether photographic evidence before the Grand Jury is permissible. I feel that the reasoning in the opinion stated *306 in People v Brewster (supra) would be unassailable if the Grand Jury had been advised that the identification was made by way of photographs. The use of such testimony implies that the defendant has a previous criminal history and thus would severely prejudice the defendant before the Grand Jury. There is no doubt, and indeed it would be the preferred way that an identification should be made by way of a corporeal viewing. However, this is not always possible. Further, the Assistant District Attorney, in his answering affirmation, indicates that the case was presented to the Grand Jury; there was no mention of which procedure was utilized in making the identification. This is borne out by a reading of the Grand Jury minutes. I note that in Brewster similar questions and answers were given. I have inspected a variety of Grand Jury minutes and it appears that the standard operating procedure of the Queens District Attorney’s office is to protect the defendant by not informing the Grand Jury of the type of identification procedure used.
If this court were to literally follow the decision as stated in People v Brewster (supra), it would be compelled to dismiss the indictment. However, for the reason stated hereinafter, the defendant’s motion to dismiss is denied.
First of all, at the conclusion of the Wade hearing, this court’s decision denied the defendant’s motion to suppress. Although there was a photographic identification, it. was made by Sergeant Dunn. The officer testified and this court found that he had sufficient opportunities to observe the defendant prior to independently viewing the picture.
Secondly, this court is of the opinion that photographic identifications are a necessary tool for the bringing about of an indictment. We can think of several examples where the use of photos are necessary, one being an instance where the accused has fled the jurisdiction of the court. In this example the People would not be able to indict such an accused if they could not present to the Grand Jury testimony concerning the identity of the accused. Without an indictment and with the accused out of the jurisdiction, the People would not be able to prosecute.
And, finally, I believe that a defendant’s rights are adequately protected by CPL 710.20. That statute provides
*307 that if the evidence is examined and found to be tainted, whether it be physical or verbal or of identification, the court will suppress its usage. However, the indictment which was founded upon that tainted evidence shall not be dismissed. The rationale behind this is that the evidence itself is prima facie competent. (People v Oakley, 28 NY2d 309; People v Mauceri, 74 AD2d 833; People v Vega, 80 AD2d 867.)
This court is of the opinion that while photographic identification testimony is under a shadow, it is nonetheless competent and admissible before the. Grand Jury. This court believes that photographic evidence is the least desirable type of identification. Where possible, the identity of an accused should be made through a corporeal viewing. Each case must be viewed individually when deciding the motion to dismiss the indictment. Where the facts indicate any suggestion that the identification was noncorporeal the indictment must be dismissed. Where there is no such indication the indictment may withstand attack on competency. Thereafter, the defendant’s rights are protected by the Wade hearing.