OPINION OF THE COURT
Gloria Goldstein, J.
Defendant Kenneth Tanksley moves to inspect the Grand Jury minutes and to dismiss the indictment against him on the grounds that the- evidence presented was not sufficient to sustain the indictment and that the Grand Jury proceedings were defective within the meaning of CPL 210.20 (subd 1, par [c]) and 210.35 (subd 5).
This court has examined the Grand Jury minutes and finds that the proceedings were proper and the evidence sufficient to establish a prima facie case.
Defendant is charged with robbery in the first and second degrees, grand larceny in the third degree, and criminal use of a firearm in the first degree for allegedly robbing a cigarette and candy truck on January 25, 1983. During the Grand Jury presentation, the Assistant District Attorney showed the complaining witness — the victim of the alleged robbery — a group of six photographs and asked him if he could identify anyone. The witness identified a photograph of defendant as the man who had held a shotgun on him while other men emptied his truck of its *183 contents. The Assistant District Attorney then showed the photographs to the next witness — the police officer who had arrested defendant in July, 1983. The officer identified the photograph of defendant as the man whom he had arrested for the truck robbery and testified that the photograph was a fair and accurate representation of the defendant’s appearance at the time of the arrest. After the officer’s testimony, the Assistant District Attorney moved the six photographs into evidence.
Since the photographic identification described herein actually took place in the presence of the Grand Jury, the issue before this court is not whether a Grand Jury witness may testify about a prior photographic identification,* but whether the identification procedure which the Assistant District Attorney used rendered the testimony inadmissible or the Grand Jury proceedings defective.
There is no question that corporeal identification is more reliable than photographic identification and that the preferable means of establishing identification in the Grand Jury is an eyewitness’ testimony that he identified the defendant in a lineup. However, when a defendant is not available for a corporeal identification before the convening of the Grand Jury, the People may have to rely on photographs to establish a prima facie case against the defendant. In such circumstances, the People may offer a photograph of the defendant into evidence as they would offer any photograph of a person, provided the defendant is identified and the photograph fairly represents him (see Fisch, NY Evidence [2d ed], § 142, p 82). The difference is that the use of a photograph for identification purposes in the Grand Jury raises the same due process issues as does any pretrial photographic identification procedure (see *184 People v Thomas, 60 AD2d 993, 66 AD2d 1001; People v Ramos, 52 AD2d 640, 644 [concurring opn, Hargett, J.]; People v Leite, 78 Misc 2d 296, 297-298). The photographic display and the procedure used may not be “so impermissibly suggestive as to create a ‘substantial likelihood of * * * misidentification’ (Simmons v United States, 390 US 377, 384; People v Gonzalez, 27 NY2d 53, cert den 400 US 996)” (People v Thomas, 66 AD2d 1001, supra).
Without doubt, the showing of a single photograph to a Grand Jury witness is impermissibly suggestive (United States ex rel. Gonzalez v Zelker, 477 F2d 797, 801). Whether the showing of an array of six photographs is also impermissibly suggestive or potentially misleading depends on the nature of the photographs and must be determined at a Wade hearing. Even if the array is found to be impermis*sibly suggestive, such a finding does not undermine the People’s establishment of a prima facie case or require dismissal of the indictment on the ground that the evidence was insufficient (People v Oakley, 28 NY2d 309). It is relevant only as to the potential taint it casts on a subsequent in-court identification of the defendant.
Since the Grand Jury photographic identification procedure of defendant Tanksley was permissible and the evidence sufficient to sustain the indictment, defendant’s motion is denied and a Wade hearing is ordered.

 It is the long-standing rule in New York that a witness may not testify at trial about a pretrial, extrajudicial photographic identification of a defendant (People v Lindsay, 42 NY2d 9, 13; People v Griffin, 29 NY2d 91, 93). Since this rule was not codified in GPL article 60, it does not govern the admissibility in the Grand Jury of prior photographic identification testimony. (See GPL 190.30, subd 1: “Except as otherwise provided in this section, the provisions of article sixty, governing rules of evidence and related matters with respect to criminal proceedings in general, are, where appropriate, applicable to grand jury proceedings.”)
Although the Appellate Division, Fourth Department, has ruled that testimony of a prior photographic identification is admissible in the Grand Jury (People v Ball, 89 AD2d 353), lower court decisions in the Second Department are split on the issue (see People v White, 115 Misc 2d 304 [testimony admissible]; People v Brewster, 115 Misc 2d 26 [testimony not admissible]). This court has no reason to rule on the issue.