OPINION OF THE COURT
Lorraine S. Miller, J.
Defendant moves herein for reinspection of the Grand Jury minutes, for dismissal of the indictment on the basis (1) of improper instructions to the Grand Jury; (2) legal insufficiency in light of the subsequent reversal of the conviction by the Appellate Division in People v Watson (100 AD2d 452); and (3) dismissal in the interest of justice pursuant to CPL 210.40.
Defendant was convicted on April 24, 1981 of two counts of murder in the second degree. On April 8, 1984, the Appellate Division unanimously reversed on the law and the facts and ordered a new trial; the Court of Appeals subsequently refused to review. The Appellate Division found that: (1) Criminal Term’s evidentiary ruling permitting the decedent’s friend to testify at the trial to the telephone conversation with the victim as a “present sense impression” hearsay exception constituted reversible error; (2) that defendant’s arrest, predicated upon a canceled “wanted” card,* necessitated the suppression of a state *440 ment and watch taken from him, citing Wong Sun v United States (371 US 471) and People v Jennings (54 NY2d 518) as authority.
The novel issues now before this court are whether in light of the subsequent Appellate Division suppression of the telephone conversation between the victim and her friend and the watch removed from the defendant, the case originally presented to the Grand Jury against the defendant was insufficient and, concomitantly, whether the presentation of evidence which was subsequently held to be inadmissible undermined the legality of the indictment which issued from that body.
This court has reviewed the Grand Jury minutes and found that the testimony presented to that body regarding the telephone conversation by the victim’s friend was limited to and merely established that she had spoken to the victim on February 15, 1980, at 6:50 p.m. Unlike the more extensive testimony at trial (which was found to be inadmissible by the Appellate Division), there was no mention of the telephone conversation being interrupted by a doorbell ring, or any indication that the defendant superintendent was at the door or any other voices being heard in the apartment by the witness. Consequently, this court is constrained to conclude that defendant’s contention that the telephone conversation is the “most cogent part of the People’s case” is mere conjecture as the witness’ Grand Jury testimony does not mirror her subsequent objectionable testimony at trial.
Even assuming, arguendo, that the testimony before the Grand Jury and the petit jury had been identical, defendant’s contention is still without merit or basis in law. The Court of Appeals has held that where a Grand Jury issues an indictment based upon evidence that is competent, a subsequent ruling that said evidence is inadmissible at trial does not impair the validity of the indictment which emanated from the Grand Jury. (People v Oakley, 28 NY2d 309; People v Mauceri, 74 AD2d 833 [2d Dept 1980]; People v Tanksley, 122 Misc 2d 182 [1983].) Therefore, the Appellate Division’s exclusion of the recitation at trial by the witness of the victim’s statement to her on the telephone allegedly placing the defendant at her door does not undermine the People’s establishment of a prima facie case before the Grand Jury. The evidence was competent at the time it was presented to the Grand Jury and it would be error for the *441 court to dismiss the indictment which issued therefrom because, in retrospect, said evidence was subsequently deemed inadmissible at the trial stage by the Appellate Division. The same is true for the testimony regarding the watch.
While the court recognizes that absent the watch, the prosecutor may encounter difficulty in proving the robbery underlying the felony murder count at trial, neither this court nor the Grand Jury is “charged with the ultimate responsibility of determining the guilt or innocence of the accused.” (People v Calbud, Inc., 49 NY2d 389, 394.) As the Court of Appeals in Calbud (p 394) pointed out, “The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution * * * In the ordinary case, it may be said that the Grand Jury has properly carried out this function when it has issued an indictment upon evidence that is legally sufficient to establish that the accused committed a crime * * * the ultimate responsibility of determining guilt or innocence * * * resides with the petit jury, which has the obligation of assessing the evidence in light of the applicable legal rules and determining whether the People have proven the guilt of the accused beyond a reasonable doubt.”
Additionally, this court is satisfied that there was other sufficient competent evidence presented which, standing alone, would have justified the return of a true bill, namely, defendant’s possession of blood-stained pliers, boots and shirt and the medical testimony establishing that the blood was the victim’s and the wound could have been caused by pliers. Such evidence was not vitiated by the Appellate Division ruling and was, in this court’s view, legally sufficient to warrant the voting of an indictment. The court also finds that the Assistant District Attorney correctly charged the Grand Jury with respect to applicable law and finds no basis for dismissal under the 10 factors enumerated under CPL 210.40.

 In People v Jennings (54 NY2d 518), the Court of Appeals held that an arrest made on the basis of a computerized criminal record file which exhibited *440 an outstanding parole violation warrant which had in fact been vacated four months before the arrest is made without probable cause notwithstanding any alleged “good faith” on the part of an arresting officer.