J. Irwin Shapiro, J.
The defendant Donovan applies for an order granting him “ permission to inspect the Grand Jury minutes upon which the indictment herein was found, or in the alternative, for a dismissal of the indictment based upon the Grand Jury minutes ”.
The indictment charges the moving defendant, Peter Donovan, and three others with the commission of the crime of murder in the first degree. This defendant and the defendant Mencher were heretofore found guilty as charged but the judgment of *159 conviction was reversed by the Court of Appeals and a new trial was ordered (13 N Y 2d 148).
A written confession was taken from Donovan “ after the police had refused to allow an attorney, retained for him by his family while he was in custody, to see or speak with him ’ ’. (13 N Y 2d 148,151.) It was by reason of that sole fact that the Court of Appeals concluded (p. 154) that “ The admission in evidence of Donovan’s written confession requires reversal of his conviction ”. The defendant Donovan is now awaiting retrial on the indictment.[1]
The basis of the motion to inspect, or in the alternative, to dismiss this indictment is the contention of counsel ‘ ‘ that an inspection of the Grand Jnry minutes will show a legal insufficiency of evidence to convict the defendant of the crime charged in said indictment ’ ’. The only evidence introduced before the Grand Jury implicating Donovan in the homicide was his written' confession.
Section 251 of the Code of Criminal Procedure provides that: “ The grand jury ought to find an indictment, when all the evidence before them, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by a trial jury.”
Strictly construed that section would necessitate holding the present indictment sufficient for there was nothing before the Grand Jury to indicate that Donovan’s written confession — the sole basis for his indictment — was obtained “ after the police had refused to allow an attorney, retained for him by his family while he was in custody, to see or speak with him ”. I am of the opinion, however, that such a rigid, legalistic interpretation of the section, under the facts and circumstances of this case, is unwarranted and that that section of the code must be considered cojointly with section 249 of the Code of Criminal Procedure which provides that a 1 ‘ grand jury can receive none but legal evidence ”. This court is now charged with judicial knowledge and notice of the fact that Donovan’s written confession was not “ legal evidence ”. It may, therefore, not evade its duty to protect Donovan’s statutory and constitutional rights by adopting a literal construction of section 251.
Irrespective of statute, however, “ The right of an accused to move for the dismissal of an indictment based upon illegal or *160 insufficient evidence is guaranteed by the Constitution ” and it is within the inherent power of the court to entertain such an application (People ex rel. Hirschberg v. Supreme Ct., 269 N. Y. 392; People v. Glen, 173 N. Y. 395; People v. Sexton, 187 N. Y. 495). Although the opinion of the Court of Appeals states (13 N Y 2d 148, 153) “ * * * that, apart from the written confession, there was adequate, indeed strong, evidence before the jury * * * to support a verdict of guilt against Donovan ”, no such additional evidence was presented to the Grand Jury which returned the indictment. The fact that sufficient testimony was adduced on the trial to warrant the defendant’s conviction and to satisfy the statutory requirements in that regard does not validate an indictment which would be good if such additional proof had been presented to the Grand Jury (People v. Nitzberg, 289 N. Y. 523).
As the court said in the latter case (pp. 530-531): “ An accusation by a grand jury made upon evidence which is declared by statute to be insufficient gains no additional force because the District Attorney, after the accusation was made by the grand jury, has obtained other evidence which, if presented to the grand jury, might be sufficient to justify an accusation by the grand jury if, in its judgment, that evidence would warrant a conviction by the trial jury * * * He [defendant] has a right to demand that an accusation, made upon insufficient evidence, be set afeide so that he may not be tried upon an indictment ‘ found irregularly. ’ ’ ’
Donovan had and has a constitutional right to have an indictment found against him based only upon legal evidence constitutionally obtained. The highest court of this State has now ruled that the evidence used against him, and which was the sole basis for his indictment by the Grand Jury, was unconstitutionally obtained from him and does not constitute legal evidence. Under the circumstances, to permit this indictment to stand would make a mockery of the law and of the defendant’s constitutional rights. No exigencies of a particular case should permit the records of this court to be befouled by an indictment based upon evidence thus obtained.
I have, therefore, concluded to grant the motion of the defendant Donovan to the extent of dismissing the indictment. I will withhold signing an order on this determination for a period of 15 days to afford the District Attorney an opportunity to present the case to another Grand Jury, leave to do which is hereby granted although he has such right even without leave of this court (People v. Dorian, 18 A D 2d 1008).
*161 In fairness to the District Attorney it should he pointed out that the procedure followed by him in making his proof before the Grand Jury was in complete accord with the law as it was understood to be prior to the decision by the Court of Appeals in this case.
Proceed accordingly.

. The court also decided (13 ÜST Y 2d 148, 154) that because Donovan’s “ confession, thus improperly before the jury, implicated his codefendant Meneher, there must also be a reversal of the latter’s conviction in the interests of justice ”.