Breitel, J.
A noteworthy issue raised on this criminal appeal is whether an indictment is rendered infirm because the testimony before the Grand Jury rested on a suggestive identification of the defendant exhibited alone. Because the evidence of identification was competent prima facie, but was held to be suggestive only upon a subsequent pretrial hearing, there was no insufficiency of evidence before the Grand Jury upon which the indictment was founded.
After a jury trial defendant was convicted of robbery in the first degree and related crimes. The complainant, then 15 years of age, was accosted in a rapid transit station by a knife-wielding young man clad in a white shirt and gold-colored trousers. Under threat of the knife the victim was relieved of a wrist watch and 75 cents. Immediately after the robbery the victim followed the path of the culprit down the stairs, and told a station porter of the occurrence. The porter had seen the culprit, clad as described by the victim, run from the scene and recognized him as a frequenter of the station. On a precise description of the victim as to approximate age, height, weight, dark upper lip, dark wavy hair, and the clothing noted above, the police apprehended defendant the next day. The defendant was exhibited in the company of the police to the complainant who stated he was the culprit. The station porter also identified defendant as the young man previously observed by him as a frequenter of the station who had run down the stairs just before the victim recounted the robbery incident to him.
The hearing Judge first held the identification inadmissible but later retracted his ruling and concluded that it was admis *312 sible. The People conceded that the exhibition of defendant alone to the victim was inadmissibly suggestive and because of that view did not offer evidence of that identification on the trial. The victim, however, testified from his independent recollection as did the station porter. Defendant does not dispute that the hearing Judge and the jury on the trial could reasonably conclude that the complainant had a vivid positive recollection supporting the in-court identification of defendant as the culprit. He argues, however, that because the “ show-up ” exhibition was suggestive and, therefore, inadmissible under the rules laid down in the series of cases represented by United States v. Wade (388 U. S. 218), Gilbert v. California (388 U. S. 263), Stovall v. Denno (388 U. S. 293), People v. Ballott (20 N Y 2d 600), and others in their wake, the Grand Jury evidence of identification was “ inadmissible ”, and that consequently there was a failure to present a prima facie case to the Grand Jury.
The defendant’s reasoning is plausible but not sound. It depends on an overly meticulous use of the word ‘ ‘ inadmissible.” It fails to recognize that evidence inadmissible because incompetent (e.g., hearsay) is different from evidence competent prima facie, rendered inadmissible only by extrinsic, subsequent proof. Evidence of the latter kind stands sufficient until nullified. For purposes of grand jury presentations, and undoubtedly some other purposes, until nullified the evidence is competent and may supply a necessary element in a prima facie case. This is especially so when it appears, as it did here, that from the total circumstances the identification by the witness was reliable and had an untainted source independent of the suggestive exhibition or “ show-up ” (United States v. Wade, supra, at p. 241; People v. Ballott, supra, at p. 606; People v. Logan, 25 N Y 2d 184, 192; cf. People v. Rahming, 26 N Y 2d 411, 416).
Material to the analysis is that an indictment’s proper purpose is to bring a defendant to trial upon a prima facie case which, if unexplained, would warrant a conviction (Code Crim. Pro., § 251). The identification testimony before the Grand Jury satisfied that purpose. On the one hand there was not enough before the Grand Jury to establish that there had been a suggestive exhibition, although to be sure one might have *313 conjectured so but no more. On the other hand, there was also not before the Grand Jury the remarkably strong proof that the complainant had an unusually dramatic opportunity to observe, note, and recall the culprit’s appearance. No useful purpose would be served, and perhaps there would be a very harmful result, if the prosecutor had the obligation to present and, therefore, rehearse before the Grand Jury all the evidence appropriate to an identification hearing, if and only if defendant should challenge the identification (cf. People v. Rahming, supra, at p. 417).
Moreover, the undoing of the indictment would only result in the resubmission to the Grand Jury with the purpose of obtaining another indictment (Code Crim. Pro., §§ 317, 320; cf. § 270). This would be a sterile repetition. It would also ignore the significance of other evidence in the case on the trial making the victim’s identification of less than the usual importance. Thus, in this case, there was on the trial identification by the victim of the knife used in the robbery and carried by defendant at the time of apprehension. There was also the station porter’s testimony that it was defendant who ran from the scene of the robbery, and that he recognized him as a frequenter of the station “ off and on ” for the past “ three or four years ”. These matters of evidence corroborated complainant’s identification. Moreover, in other cases there may be overwhelming other evidence of guilt, including confessions properly obtained after a waiver of rights.
Nor is it essential, as the prosecutor believes, that to save the indictment the victim must be able to testify to a proper in-court identification. If on the trial there had been no reliable identification or inculpation from some source, defendant would, of course, be acquitted, by direction of a verdict if need be. There would be no need circuitously to dismiss the indictment for insufficiency of evidence before the Grand Jury. If on the trial, however, there had been other reliable proof of identification or inculpation, then of course it would make no difference how the trial proof compared with the Grand Jury proof. It would suffice that the indictment had performed its office and had been obtained on what was at the time prima facie legally competent evidence rendered inadmissible only by subsequent challenge and other proof.
*314 In considering the conclusions reached it should be kept uppermost in mind that only limited constitutional issues are involved. In this State, by statute, only legal evidence is sufficient before the grand jury (Code Crim. Pro., §§ 248, 249). That is not true in some States or in the Federal system where an indictment may rest entirely on hearsay evidence (Costello v. United States, 350 U. S. 359). Insofar as recently evolved exclusionary rules are concerned they have been given various and usually limited effects in order to accomplish salutary purposes in raising evidentiary and investigatory standards. They rarely purport to make wholly null the probative effect of relevant evidence and are very rarely applied to the evidence before grand juries where the procedures and the absence of adversary counsel make the application inappropriate. Moreover, in applying the harmless error rule laid down in Chapman v. California (386 U. S. 18, 23-24) the ultimate effect that should be accorded, a ‘ ‘ violation ’ ’ is best determined at a pretrial hearing or after trial. (For an interesting collection of the cases but with an erroneous conclusion based on the view that the harmless error rule does not apply to constitutional violations, see Unconstitutionally Obtained Evidence Before the Grand Jury as a Basis for Dismissing the Indictment, 27 Md. L. Rev. 168. For other discussions of the resting of indictments upon evidence subject, at trial, to exclusionary rules, see Exclusion of Incompetent Evidence From Federal Grand Jury Proceedings, 72 Yale L. J. 590; 43 N. Y. U. L. Rev. 578, 580, n. 17.)
The situation with respect to confessions used in obtaining an indictment and subsequently suppressed may or may not present a different issue (see People v. Colletti, 42 Misc 2d 158; cf. Jones v. United States, 342 F. 2d 863, 868, 872, affirming the discretionary dismissal of an indictment that rested upon illegally obtained confessions but emphasizing that the dismissal under the Federal rules was discretionary). That issue it is not now necessary or appropriate to reach.
Defendant raises another issue, namely, the failure of the People to call one Quataferro as a witness, the refusal to permit defendant to argue to the jury on this failure, and the refusal of the court to instruct the jury on the inference permissible from the failure of the People to call a material witness to *315 testify. It suffices to say that there is nothing to show that this man observed either- the crime or the culprit fleeing the scene of the robbery or that there was any other relevant evidence he could give. Consequently, it is not necessary to probe further whether Quataferro could possibly classify as a witness available to or within the control of the People. On no view of the matter is there any showing of prejudice to defendant.
Accordingly, the judgment of conviction should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Jasen and Gibson concur.
Judgment affirmed.