Harold Birds, J.
The defendant has been charged in the Criminal Court with the crime of murder and is presently at liberty on $75,000 bail. The case is in the process of being presented to the Grand Jury. The District Attorney, by oral motion and not upon papers, has moved this court for an order directing the defendant to appear in a lineup for the purpose of identification. The defendant, through counsel, has appeared and has objected thereto on the ground that such evidence would not he admissible on the trial, inasmuch as the filing of the complaint which charged him with the crime constitutes the commencement of the action (CPL, § 1.20, subd. 17), and sections 60.25 and 60.30 permit such evidence of a prior identification as evidence in chief only if such identification took place prior to the commencement of the criminal proceeding.
Defendant further alleges that the only reason the District Attorney is moving for the relief sought is to give the witness another opportunity to see the defendant prior to trial, which apparently will not take place in the immediate future, and is solely for the purpose of permitting the witness to bolster the identification.
The District Attorney has argued that such a lineup is for the defendant’s benefit, in that, if the witness should fail to identify him, he will be in a better position at the trial.
Under the provisions of the 'Criminal Procedure Law, effective September 1, 1971, ‘ ‘ A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court (CPL, § 1.20, subd. 17), and a “ ‘ Criminal.proceeding ’ means any proceeding which (a) constitutes a part of a criminal action or (b) occurs in a criminal court and is related to a prospective, pending or completed criminal action, either of this state * * * or involves a criminal investigation.” (CPL, § 1.20, subd. 18.)
Sections 60.25 and 60.30 of the Criminal Procedure Law are denominated as “Rules of evidence”. Section 60.25 is concerned with ‘ ‘ identification by means of previous recognition, in absence of present identification ’ ’, while section 60.30 is concerned with ‘ ‘ identification by means of previous recognition, in addition to present identification.”
Section 60.25 reads as follows:
‘1 § 60.25 Rules of evidence; identification by means of previous recognition, in absence of present identification.
1. In any criminal proceeding in which the defendant’s commission of an offense is in issue, testimony as provided in subdivision two may be given by a witness when:
(a) Such witness testifies that:
*522 (i) He observed the person claimed by the people to be the defendant either at the time and place of the commission of the offense or upon some other occasion relevant to the case; and'
(ii) On a subsequent occasion, but prior to the criminal proceeding, he observed, under circumstances consistent with such rights as an accused person may derive under the constitution of this state or of the United States, a person whom he recognized as the same person whom he had observed on the first or incriminating occasion; and
(iii) He is unable at the proceeding to state, on the basis of present recollection, whether or not the defendant is the person in question; and
(b) It is established that the defendant is in fact the person whom the witness observed and recognized on the second occasion. Such fact may be established by testimony of another person or persons to whom the witness promptly declared his recognition on such occasion.
2. Under circumstances prescribed in subdivision one, such witness may testify at the criminal proceeding that the person whom he observed and recognized on the second occasion is the same person whom he observed on the first or incriminating occasion. Such testimony, together with the evidence that the defendant is in fact the person whom the witness observed and recognized on the second occasion, constitutes evidence in chief. ’ ’
At the outset no claim is present that the witness before the Grand Jury is “ unable * * * to state, on the basis of present recollection, whether or not the defendant is the person in question ” (CPU, § 60.25). Hence, at the outset, this section would appear to have no applicability to the defendant’s claim.
Section 60.30 reads as follows :
‘ ‘ § 60.30 Buies of evidence; identification by means of previous recognition, in addition to present identification.
In any criminal proceeding in which the defendant’s commission of an offense is in issue, a witness who testified that (a) he observed the person claimed by the people to be the defendant either at the time and place of the commission of the offense or upon some other occasion relevant to the case, and (b) on the basis of present 'recollection, the defendant is the person in question and (c) on a subsequent occasion, but prior to the criminal proceeding, he observed the defendant, under circumstances consistent with such rights as an accused person may derive under the constitution.of this fstate or of the United States, and then also recognized/him as the same person1 whom he had observed on the first or incriminating occasion, may, in addition to making an identification óf the defendant at the criminal pro *523 ceeding on the basis of present recollection as the person whom he observed on the first or incriminating occasion, also describe his previous recognition of the defendant and testify that the person whom he observed on such second occasion is the same person whom he had observed on the first or incriminating occasion. Such testimony constitutes evidence in chief.”
It is noted, as defendant emphasizes, that both sections 60.25 and 60.30 are addressed to circumstances where ‘1 In any criminal proceeding in which the defendant’s commission of an offense is in issue ”.
It is the construction to be given to this phrase which creates the primary issue here.
The defendant contends that because a criminal proceeding has already begun, and a Grand Jury inquiry is under way, the requested lineup is not to be allowed, as such lineup cannot meet the requirement that it take place “on a subsequent occasion but prior to the criminal proceeding ” (CPL, § 60.25, subd. 1, par. [a], cl. [ii]; § 60.30, subd. [c]).
The defendant also urges that the rules of evidence set forth in the Criminal Procedure Law upon which he relies (CPL, §§ 60.25, 60.30) are applicable to a Grand Jury proceeding (CPL, § 190.30).
On the other hand the District Attorney argues that the phrase “ In any criminal proceeding in which the defendant’s commission of an offense is in issue ’ ’ must be given a limited construction and that it cannot in any event refer to a Grand Jury proceeding.
The Staff Comments to these sections provide support to the District Attorney’s position. Sections 60.25 and 60.30 now in final form were first numbered in the proposed 'Criminal Procedure Law and were based upon sections 30.30 and 30.40. (See “ Proposed New York Criminal Procedure Law ” published by Edward Thompson Co. in September, 1967.)
The Staff Comments applicable to section 60.25 make it very clear that this section was designed to pertain to the presence of an identification witness at a trial and to eliminate certain evidentiary difficulties which were found in the application of section 393-b of our former Code of Criminal Procedure. That section read ‘ ‘ When identification of any person is in issue, a witness who has on a previous occasion identified such person may testify to such previous identification.”
After analyzing the problems attendant upon a failure to make an in-trial identification where there has been a prior identification the Comments continue: ‘ ‘ Upon the premise that both § 393-b and the decisions construing it ignore the true pur *524 pose and value of ‘ previous identification ’ testimony, the proposed section reformulates the principle along different lines.
1 ‘ The chief importance of identification by means of previous recognition lies in cases where the witness, owing to the lapse of time or other factors, is unable to make a trial identification.” (Italics added.)
After analyzing the cases in which conflicting views were expressed as to whether or not identification prior to trial could constitute evidence in chief of a trial where a defendant’s identification is in issue, the commentators explain that section 60.25 is designed to elicit the state of mind of the witness at the time he is testifying at the trial as to the identification of the defendant and not to allow a conviction to stand ‘ ‘ on the basis of the witness’ earlier state of mind ”. It is on the basis of this principle and consideration that the proposed section is formulated.
The Staff Comments to section 60.30 also disclose that this section is related to the testimony of a witness at a trial and the problem of ‘ ‘ when and how a witness who has identified the defendant at a trial may testify with respect to a previous identification ” (Staff Comments, CPL, § 60.30,' formerly § 30.30).
In the light of the history and purposes announced for the new sections (CPL, §§ 60.25, 60.30), this court must agree with the position of the District Attorney that the phrase “ In any criminal proceeding in which the defendant’s commission of an offense is in issue must be limited to an in-trial identification, and, under our present procedure, to a Wade hearing (United States v. Wade, 388 U. S. 218, 221). This phrase cannot, therefore, apply to a Grand Jury investigation which can only result in an indictment by means of which a defendant is first brought to a trial. That is the “ criminal proceeding in which the defendant’s commission of an offense is in issue”. Hence defendant’s reliance upon sections 60.25 and 60.30 of the Criminal Procedure Law is premature.
And although section 190.30 of the Criminal Procedure Law provides a general command that the rules of evidence set forth in the Criminal Procedure Law shall apply to a Grand Jury proceeding, it is noted that that mandate is to be followed only “ where appropriate ”.
That being so, the issue remaining is whether or not this court at this stage of the proceedings can issue the order requested by the District Attorney to have the defendant appear in a lineup.
Where a defendant is in custody, the use of a lineup has been upheld as a valid law enforcement procedure.
*525 A defendant has no Fifth Amendment protection against appearing in a lineup. Nevertheless at such critical stage the right to counsel attaches (United States v. Wade, 388 U. S. 218, 221, supra; Gilbert v. California, 388 U. S. 263). Certainly the fact that the defendant is on bail should not be considered to preclude such procedure if constitutional safeguards are present and the circumstances warrant the lineup. To hold otherwise would permit those charged with crime and on bail to obtain an advantage over those financially unable to post bail.
In the case at bar, the District Attorney, in addition to his brief, has submitted an affidavit to the effect that an eyewitness to the homicide with which the defendant is charged has identified a photograph of the defendant as that of the assailant he observed. He seeks to bolster such testimony in the Grand Jury by having said witness observe the defendant in a lineup where counsel for the defendant will be present.
No case has been cited which precisely provides a precedent.
This court believes, however, that guidance can be found in the recent case of Davis v. Mississippi (394 U. S. 721), where city police made no effort to employ procedures which might comply with the requirements of the Fourth Amendment, our constitutional safeguard against illegal search and seizure. In that case a defendant in his early teens, convicted of rape and sentenced to life imprisonment on the basis of his fingerprints, was one of 24 young men who had been indiscriminately taken without warrants to police headquarters, questioned briefly and fingerprinted, and then released without charge. The defendant was later arrested when his fingerprints were found to match those found at the scene of the alleged crime.
In Davis it was said (pp. 726-727)to argue that the Fourth Amendment does not apply to the investigatory stage is to misconstrue the purposes of the Fourth Amendment. * * * Nothing is more clear than that the Fourth Amendment was meant to prevent wholesale intrusions upon the personal security of our citizenry, whether these intrusions be termed ‘ arrests ’ or ‘investigatory detentions.’ * * * Detentions for the sole purpose of obtaining fingerprints are no less subject to the constraints of the Fourth Amendment. ’ ’
The court observed that, while fingerprinting may constitute a less serious intrusion upon personal security than other types of police searches and detentions, ‘ ‘ the limited detention [for this purpose] need not come unexpectedly or at an inconvenient time.” (Davis, supra, p. 727.) “For this same reason, the general requirement that the authorization of a judicial officer be obtained in advance of detention v(ould seem not to admit of *526 any exception in the fingerprinting context.” (Davis, supra, p. 728.) Certainly the same conld be said of a lineup where the defendant’s physical characteristics are to be observed.
We are not concerned here with an indiscriminate selection of a defendant to stand in a lineup, nor can the District Attorney’s request be characterized as harassment. The District Attorney’s affidavit establishes reasonable grounds for the conclusion that the defendant participated in a fatal homicide. Therefore it is neither unreasonable nor unfair to grant his application.
Under such circumstances, the defendant has no constitutional right not to participate, particularly where reasonable grounds are established and constitutional safeguards for such participation are present. Society has the right to expect that law enforcement officers will follow every legal avenue to detect and prosecute those who violate our criminal laws. By the same token, if it should appear that as the result of the lineup the defendant cannot be identified, there is no doubt that the District Attorney would provide the Grand Jury with that information.
Accordingly the District Attorney’s application is granted. The defendant is to appear in the office of the District Attorney at 10:30 a.m. Friday, September 10, 1971, together with counsel, and to participate in the lineup which is to be conducted (in accordance with the rules enunciated in our case law).
In the event the defendant fails to appear at the time and place designated, an application may be made to the court for an order revoking his present bail.