OPINION OF THE COURT
Herbert Shapiro, J.
The defendant has been indicted for the crimes of rape in the first degree and robbery in the third degree.
Defendant now moves for an order determining that the identification of the defendant in the lineup was constitutionally defective.
After a conference between the attorneys and the court it was agreed by all that there were no factual issues to be resolved and that the motion would be decided as a matter of law.
Counsel for the defendant does not urge that the lineup procedure was defective, suggestive or otherwise conducive to a possible mistaken identification. To the contrary she agreed that the lineup was properly conducted from that standpoint. The sole objection raised is that it was impermissible to have the 15-year-old defendant. appear in a lineup without counsel. It is not urged that such requirement applies in all cases but it is urged that it does apply in a case involving a 15 year old — the youthfulness of the defendant, in and of itself, being sufficient therefor.
Prior to the decision of the United States Supreme Court in Kirby v Illinois (406 US 682) the rule in this State was *617 that the right to counsel existed even at the time of a prearraignment lineup. (People v Oakley, 28 NY2d 309; People v Logan, 25 NY2d 184.) Such rule evolved from the conclusion reached by the Court of Appeals that the decisions in United States v Wade (388 US 218), Gilbert v California (388 US 263) and Stovall v Denno (388 US 293) mandated such a result.
However, in Kirby v Illinois (supra, at p 688) the Supreme Court held that the right to counsel at a lineup attached “only at or after the time that adversary judicial [criminal] proceedings have been initiated”.
In the light of the Kirby decision (supra) the Court of Appeals re-examined its position regarding the right to counsel in “preadversary judicial criminal proceedings”. It held in People v Blake (35 NY2d 331) that it was now free to determine the existence of such right without what it had deemed to be the constraint of Wade (supra), Gilbert (supra) and Stovall (supra). It then went on to conclude that there was no general right to counsel at a lineup before the onset of adversary proceedings. Counsel would only be required at such a lineup where there were present special circumstances such as where the accused already had counsel or where there is extensive unjustified delay between the arrest and the filing of the accusatory instrument. No such special circumstances were urged as being present in the instant case.
Having thus concluded that there is no per se right to counsel at a lineup at the stage here involved (postarrest and preadversary proceedings) it becomes necessary to determine if the age of the accused is a factor that the Court of Appeals might have intended to be an additional special circumstance sufficient to give rise to a right to counsel at a lineup.
In determining this question it must be clearly kept in mind that we are not dealing with a situation requiring some judgmental decision on the part of the youthful accused. Not involved is the situation where such an accused has to make a determination whether or not to respond to police interrogation and make a statement. In such circumstances, age and degree of sophistication may *618 well be critical factors in determining the need for counsel. However, as to a lineup, an accused may be compelled to participate therein and his constitutional right against self incrimination is not violated. That privilege protects only against “evidence of a testimonial or communicative nature” (Schmerber v California, 384 US 757, 761).
If then an accused may be placed in a lineup without consent and has no part to play therein other than a completely passive one, of what significance is the age of the person involved? As indicated, no judgmental or decisional process is involved which would make his youth and lack of sophistication factors of any significance. That being so, the argument that counsel must be present merely because of the youth of the accused fails to persuade.
Accordingly, the motion is denied, there being no constitutional defect in the lineup, procedure by reason of the absence of any counsel for the defendant.