## The People of the State of New York, Appellant, v Harry Lee Ball, Respondent.

Fourth Department, November 9, 1982

### APPEARANCES OF COUNSEL

*Ronald L. Fancher* for appellant.

*D. Michael Murray* (*Raymond Rodriguez* of counsel), for respondent.

### OPINION OF THE COURT

DILLON, P. J.

The People appeal from an order dismissing an indictment which charged the defendant with the crimes of forgery and criminal impersonation. The issue presented is whether testimony at the Grand Jury relating to photographic identification of defendant was "competent and admissible evidence" within the meaning of CPL 190.65 (subd 1).

We need but briefly summarize the Grand Jury testimony. The manager of a Radio Shack store in Batavia testified that on February 20, 1981 a person representing himself to be one William Potter exhibited Potter's motor vehicle operator's license and completed the purchase of certain C.B. equipment by signing and delivering a check

in Potter's name; the check was dishonored and he thereafter learned that the purchaser was not Potter; he went to Batavia police headquarters and from an array of photographs of six white males, he selected one as that of the person who had impersonated Potter and "negotiated" the check. The police officer in charge of the investigation produced the photographic array which was marked as a Grand Jury exhibit; he testified that the photograph selected by the store manager was of the defendant and that upon arresting the defendant at his residence the C.B. equipment was found in the living room and recovered. On this evidence the Grand Jury returned the indictment.

After *in camera* inspection of the Grand Jury minutes, County Court ruled that the evidence of photographic identification was incompetent hearsay. No other proof of identity having been offered, the court concluded that the evidence was legally insufficient to establish that defendant committed the crimes charged.

The applicable statute provides that "a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense." (CPL 190.65, subd 1.) The Legislature has also decreed that the provisions of CPL article 60 "governing rules of evidence and related matters with respect to criminal proceedings in general, are, where appropriate, applicable to grand jury proceedings." (CPL 190.30, subd 1.)

County Court reasoned that because testimony of pre-trial photographic identification is not authorized under CPL 60.30 and has always been proscribed for use at trial under case law (see, e.g., *People v Lindsay,* 42 NY2d 9, 12), such evidence is incompetent hearsay under the rule of *People v Jung Hing* (212 NY 393). That reasoning is not without support at nisi prius (see, e.g., *People v Brewster,* 115 Misc 2d 26). We disagree.

With the enactment of section 393-b of the former Code of Criminal Procedure, the "brand of hearsay" applied to prior identification testimony was removed (*People v Spinello,* 303 NY 193, 202). CPL 60.25 and 60.30 are successor

statutes to section 393-b. Nothing contained in the language of those statutes prohibits use of testimony of prior photograph identification. Such testimony has been held inadmissible not because it is incompetent hearsay but for policy considerations bearing upon the integrity of the fact-finding process at trial. It is said that the evidence should be excluded because "not only is it readily possible to distort pictures as affecting identity, but also where the identification is from photographs in the rogues' gallery * * * the inference to the jury is obvious that the person has been in trouble with the law before" (*People v Caserta,* 19 NY2d 18, 21; *People v Griffin,* 29 NY2d 91, 95 [JASEN, J., dissenting]).*

The purpose served by excluding such evidence is to insure, to the greatest possible extent, that a person is not wrongly convicted because of mistaken identification. That purpose is not undercut by receipt of prior photographic identification at the Grand Jury since defendant's identity has not yet been challenged (see *People v Oakley,* 28 NY2d 309, 313; *People v Falco,* 67 Misc 2d 520), and any likelihood of irreparable misidentification in the photograph selection process may be adequately addressed in pretrial and trial proceedings (see, e.g., *People v Rahming,* 26 NY2d 411). We find, therefore, that the photographic identification testimony received here was competent and admissible for Grand Jury purposes, and the evidence before that body was legally sufficient to support the indictment.

In so holding, it is not our purpose merely to serve the convenience of the People (cf. *People v Lindsay,* 42 NY2d 9, 12-13, *supra*). Not only would a contrary result add to the already heavy burden in the criminal investigatory process, but very often it could wholly frustrate the Grand Jury function. In the great number of cases where the defendant is not known to the victim or other witnesses to events of the crime, an indictment could never be returned unless a defendant was in custody or otherwise available for corporeal identification.

---

* Such proof may soon be admissible in New York trial courts (see Proposed Code of Evidence for the State of New York, submitted to 1982 session of the Legislature, § 803, subd [a], par [3], comment pp 184-185).

Accordingly, the order dismissing the indictment should be reversed and the indictment reinstated.

SIMONS, DOERR, MOULE and SCHNEPP, JJ., concur.

Order unanimously reversed, motion denied and indictment reinstated.