OPINION OF THE COURT

Per Curiam.

An indictment obtained on the complaining witness’s testimony before the Grand Jury that she identified defendant, without informing that body that her identification had been made from photographs, is not dismissable under CPL 210.35 (subd 5). The order of the Appellate Division should, therefore, be affirmed.
Defendants Brewster and Alfonso were indicted with two others for first and second degree robbery, first degree burglary and criminal use of a firearm in the first and second degrees. Before the Grand Jury one of the complaining witnesses testified that she had made an identification of defendant Brewster and another complaining witness testified that she had made an identification of defendant Alfonso. The Grand Jury was not informed of the basis of either identification, both of which had in fact been made from photographs.
Pursuant to CPL 710.30 (subd 1) the People served notice of intention to offer at trial testimony of a witness who had previously made an identification of defendants from photographs. An omnibus motion thereafter made on behalf of defendants sought, among other things, dismissal of the indictment for insufficiency of the evidence before, and defects in the proceedings of, the Grand Jury (CPL 210.20, subd 1, pars [b], [c]), and a Wade hearing. Dismissal of the indictment was denied but a Wade hearing was ordered. During the Wade hearing defendants’ attorneys were granted permission to file a supplementary *422 motion seeking dismissal of the indictment pursuant to CPL 210.35 (subd 5). The testimony of the two complaining witnesses during that hearing made clear that the identification each testified to before the Grand Jury was made from photographs and identified the photograph from which the identification had been made. Each also made a corporeal identification of the defendant whose identity she had testified about before the Grand Jury by pointing him out during the hearing. The hearing Judge granted the motion to dismiss the indictment, holding that the testimony before him concerning the photographic identification of the defendants revealed that the indictment was based upon incompetent evidence, but ruled that there was a sufficient independent and untainted source to permit in-court identification by the complaining witness, each having had ample time during the course of the robbery to observe the defendant she identified (115 Misc 2d 26). The Appellate Division reversed and reinstated the indictment (two Justices dissenting), holding it not “appropriate” within the meaning of CPL 190.30 (subd 1) to apply to Grand Jury proceedings the provisions of CPL 60.30 which, as construed, prohibit the introduction of evidence of a prior photographic identification. We affirm although on somewhat different reasoning.
A Grand Jury proceeding is not intended to be an adversary proceeding, except to the limited extent that CPL 190.50 (subds 5, 6) gives a defendant or person about to be charged the right to testify and to request that persons designated by him or her be called to testify. The proper purpose of an indictment is to bring a defendant to trial upon a prima facie case which, if unexplained, would warrant a conviction (People v Oakley, 28 NY2d 309, 312),[1] and here, as we held in Oakley, “The identification testimony before the Grand Jury satisfied that purpose” (id.).
Indeed, the identification testimony before the Grand Jury was not hearsay, for the Grand Jury which indicted *423 defendants heard no evidence concerning how or when the identification was made. There was, therefore, no infringement of CPL 60.30. The Grand Jury was told only that each complaining witness had identified a defendant as her assailant. That was a present statement of the fact that she recalled that the person who assaulted her was the particular defendant. That the Grand Jury was not also told how she learned the name of the person she identified involved no misconduct on the part of the prosecutor. To the contrary, as the Appellate Division noted (100 AD2d, at p 139), the process followed avoided any unfairness to either defendant arising from the probability that the Grand Jury might infer that because the police had a photograph of him defendant had a prior arrest record.[2]
Because the evidence before the Grand Jury was not legally insufficient, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
Order affirmed.

. Though based upon section 251 of the Code of Criminal Procedure, which differs markedly in language from its CPL counterpart, section 190.65, the reasoning of People v Oakley applies for the present provision was “not intended to introduce a new standard, but only to clarify the existing one” and “adopts as the standard for indictment much the same principles as were enunciated” by this court in People v Peetz (7 NY2d 147, 149) (NY Temporary Comm on Rev of Penal Law and Criminal Code, Proposed New York Criminal Procedure Law [1967], Staff Comment, pp 163-164).

. Identification of a defendant to a Grand Jury by having the complaining witness identify the person depicted in a photograph as the perpetrator and having the custodian of police photographic records testify to the name of the person portrayed in the photograph is permissible (People v Ball, 89 AD2d 353; cf. People v Logan, 25 NY2d 184, 195, cert den 396 US 1020; People v Spinello, 303 NY 193, 201; see People v Byrnes, 33 NY2d 343, 347; People v Webster, 139 NY 73, 83; Richardson, Evidence [Prince, 10th ed], § 137).