■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DIAZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered February 3, 1982, convicting him of burglary in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5).

In his Grand Jury testimony, an eyewitness told the Grand Jury the name of the perpetrator (William Diaz) and then declared that he had previously identified him. The eyewitness' only identification of defendant prior to the Grand Jury present-ment was his selection of a photograph of defendant from one of two folders that police had shown him.

It is well established that, on the People's direct case, a witness may not refer to a previous photographic identification of a defendant (*People v Griffin*, 29 NY2d 91). On this appeal defendant contends that this rule should apply to Grand Jury proceedings, as well as to the trial. However, in the recent case of *People v Brewster* (100 AD2d 134, affd 63 NY2d 419), it was held that the rule precluding use of photographic identification evidence, which has heretofore been applied only at trial, ought not be extended to the proceedings of the Grand Jury. In view of that case, which is directly on point, defendant's argument that the indictment must be dismissed because the introduction during Grand Jury proceedings of testimony as to the prior photographic identification violated the integrity of the proceed-ings must be rejected.

We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., Mangano, Brown and Niehoff, JJ., concur.