■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO BURGOS, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered July 2, 1990, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him to a term of 2½ to 5 years, to run consecutively with a sentence on an unrelated charge, unanimously affirmed.

The complainant observed the defendant break through a warehouse window and remove packages. After calling the police and going downstairs to meet them, the complainant again observed the defendant in a lobby. The complainant was then taken to observe the defendant, who stood between two police officers without handcuffs or physical restraint, and the complainant then identified the defendant with certainty.

It was not error for the hearing court to deny suppression of the show-up identification. We do not find "upon consideration of the totality of circumstances, that the confrontation was so unnecessarily suggestive and conducive to irreparable mistaken identification, that the defendant was denied due process of law" (People v Brnja, 70 AD2d 17, 23, affd 50 NY2d 366).

Also, there was independent identification evidence, render-

ing harmless any possible error *(see, People v Oakley,* 28 NY2d 309, 314). Before his identification of defendant as the perpetrator for the police, complainant had furnished a full description of defendant's clothing and physical characteristics, and the complainant had two opportunities to view the defendant in good light for a significant amount of time, once during the perpetration of the crime, and again shortly thereafter in the lobby of the complainant's residence. Concur—Rosenberger, J. P., Wallach, Ross and Asch, JJ.