FOURTH DEPARTMENT, FEBRUARY, 1993

(February 5, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LEE DAVIS, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the indictment should have been dismissed on the ground that his written statement, which was later suppressed as involuntary, was put into evidence before the Grand Jury *(see, People v Brewster,* 63 NY2d 419, 422; *People v Oakley,* 28 NY2d 309, 312; *People v Estenson,* 101 AD2d 687; *see also, People v McGrath,* 46 NY2d 12, 22, *cert denied* 440 US 972;

*United States v Calandra,* 414 US 338). Further, there is no merit to his contention that the Grand Jury proceedings were defective. The prosecution's failure to instruct the Grand Jury on the issue of voluntariness did not impair the integrity of the proceedings *(see,* CPL 190.30 [7]; *People v Darby,* 75 NY2d 449, 454).

The trial court was not required to conduct an independent inquiry to determine whether defendant was aware of his right to testify at trial and waived that right. Defendant does not contend that he desired to testify or that he was deprived of that right. Under the circumstances, the trial court was not obligated to inquire further before accepting defense counsel's statement at the close of proof that defendant would not testify *(see, People v Doe,* 186 AD2d 1036).

We conclude that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Monroe County Court, Bristol, J.—Robbery, 1st Degree.) Present—Callahan, J. P., Green, Pine, Boehm and Doerr, JJ.