■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID McCLARY, Appellant. [602 NYS2d 680] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered June 28, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial,

after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

On February 26, 1988, Police Officer Edward Byrne was shot to death while he sat in his patrol car in Jamaica, Queens, guarding the home of a witness in a drug case. On March 4, 1988, the defendant voluntarily went to the 103rd Precinct. After advising him of his *Miranda* rights, Detective Steven Weiner proceeded to interview the defendant.

We find unpersuasive the defendant's contention that he was unable to voluntarily and intelligently waive his *Miranda* rights. There was no evidence adduced at the hearing which suggested that during the interview, the defendant's questioners exploited his religious beliefs. Insofar as the defendant relies upon the detective's trial testimony to support his position, we note that we are precluded from relying on trial testimony in determining whether a hearing court acted properly *(see, People v Riley,* 70 NY2d 523; *People v Hucks,* 175 AD2d 213, 214).

The defendant also argues that the court erred in failing to charge the jury that it could find that a prosecution witness was an accomplice whose testimony had to be corroborated *(see,* CPL 60.22). This argument must be rejected, since under no reasonable view of the evidence could the witness have been considered an accomplice *(see, People v Digugliemo,* 124 AD2d 743).

We also find no error in the court's refusal to comply with the jury request that the defense counsel's summation be reread, since the content of counsel's summation was not evidence *(see, People v Foster,* 118 AD2d 654).

The defendant's remaining contentions have been reviewed and are without merit. Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.