■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN L. SWAMP, Respondent. [604 NYS2d 341] —Crew III, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.), entered January 25, 1993, which, *inter alia,* granted defendant's motion to dismiss the first count of the indictment.

On April 24, 1992 defendant was detained by a United States Customs Officer, Robert Stephenson, when he attempted to enter the United States at the International Bridge crossing in the Town of Massena, St. Lawrence County. A search of defendant's automobile revealed a bag containing a white powdery substance. Stephenson conducted an NIC field test of the powder which tested positive for cocaine. He then weighed the substance on a platform balance scale and determined that it weighed in excess of 500 milligrams. State Trooper Robert Russell was dispatched to the customs station where defendant was arrested for, *inter alia,* his unlawful possession of cocaine.

Stephenson and Russell subsequently testified before a County Grand Jury. In addition to the aforementioned facts, Russell testified as to his experience and training in identifying controlled substances and testified further that the distinguishing physical characteristics of the substance found in defendant's vehicle were the same as the distinguishing char-

acteristics possessed by cocaine. On September 25, 1992 the Grand Jury returned an indictment charging defendant with, *inter alia,* criminal possession of a controlled substance in the fifth degree in violation of Penal Law § 220.06 (5). Upon motion of defendant, County Court dismissed that count of the indictment on the ground that the evidence before the Grand Jury was not legally sufficient to establish the crime charged and the People have appealed.

There must be a reversal. The purpose of an indictment is to bring a defendant to trial upon a prima facie case which, if unexplained, would warrant a conviction *(see, People v Oakley,* 28 NY2d 309, 312). Here two trained officers testified as to the scientific testing of the substance, its weight and its distinguishing characteristics as those possessed by cocaine which was sufficient, prima facie, to establish the crime charged *(cf., People v Kenny,* 30 NY2d 154; *see also, People v Transamerican Frgt. Lines,* 24 NY2d 727, 730, *cert denied* 396 US 939). Contrary to defendant's assertion, there is nothing in the record to support his argument that the Scott-Reagent test is nonspecific and, therefore, insufficient to establish a prima facie case. As has been aptly observed, "[a] Grand Jury proceeding is not intended to be an adversary proceeding" *(People v Brewster,* 63 NY2d 419, 422). Any challenge to the efficacy of the scientific test conducted by Stephenson must await appropriate pretrial proceedings *(see, Frye v United States,* 293 F 1013)* and Russell's opinion is the proper subject of cross-examination and evaluation by a jury.

Mikoll, J. P., Yesawich Jr., Mercure and Cardona, JJ., concur. Ordered that the order is reversed, on the law, motion denied and first count of the indictment reinstated.

---

* It should be noted that the United States Supreme Court has recently rejected the requirement of *Frye v United States (supra)* that expert testimony be generally accepted in the scientific community in favor of the more liberal standards of Federal Rules of Evidence, rule 702 *(Daubert v Merrell Dow Pharmaceuticals,* 509 US —, 113 S Ct 2786; *see, People v Kral,* 198 AD2d 670, 672, n 1).