■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TWITTY, Appellant. [637 NYS2d 463] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered September 7, 1993, convicting him of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant sold quantities of cocaine to an undercover officer, Tony Ortiz, on October 7, 1992, and on October 13, 1992. On appeal, he argues, inter alia, that the Supreme Court erred when it summarily denied his motion for a Wade hearing concerning the undercover officer's alleged identification of him from a photograph as to the second sale date, during the undercover officer's January 6, 1993, Grand Jury testimony. The court held that the identification was merely confirmatory. We now affirm, although for reasons different than those stated by the County Court.

In reviewing a decision of the County Court, this Court is limited to the evidence before the County Court (see, People v Gonzalez, 55 NY2d 720, cert denied 456 US 1010; People v McClary, 197 AD2d 640). Here, because the Grand Jury minutes were expressly considered by the County Court in rendering its decision on the defendant's omnibus motion, they are properly before this Court on appeal. However, our scrutiny of those minutes reveals that the sole witness to testify before the Grand Jury, Detective Ortiz, did not identify the defendant within the intendment of CPL 710.30 (cf., People v Thomas, 60 AD2d 993; People v Tanksley, 122 Misc 2d 182; People v Leite, 78 Misc 2d 296; see also, People v Ramos, 52 AD2d 640, affd 42 NY2d 834). Rather, Ortiz merely testified that a photograph of the defendant was made part of the police file contemporaneously with his initial identification (see, People v Brewster, 63 NY2d 419; People v Ball, 89 AD2d 353). Indeed, the prosecutor

expressly noted that the photograph was neither shown to the Grand Jury nor entered into evidence. Thus, because no identification within the intendment of CPL 710.30 occurred at the Grand Jury proceeding, the court did not err in summarily denying the defendant's motion for a *Wade* hearing (*see, People v Trammel*, 84 NY2d 584; *People v Williamson*, 79 NY2d 799; *People v Tas*, 51 NY2d 915; *People v Gissendanner*, 48 NY2d 543). Moreover, the defendant could have asked the court to reconsider its ruling when he received the Grand Jury minutes in connection with Ortiz' testimony at trial. Finally, the People's mischaracterization of Ortiz' testimony before the Grand Jury as an identification within the intendment of CPL 710.30, when they served their CPL 710.30 notice, is not binding upon this Court (*see, People v Allen*, 162 AD2d 538).

The court's *Sandoval* ruling was not an improvident exercise of discretion (*see, People v Pavao*, 59 NY2d 282; *People v Sandoval*, 34 NY2d 371).

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.